**Mersija KOLENOVIC, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 08–0554–ag.**

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

Andrew P. Johnson, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Douglas E. Ginsburg, Senior Litigation Counsel; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Mersija Kolenovic, a native and citizen of Montenegro, seeks review of a January 4, 2008 order of the BIA, affirming the January 27, 2007 decision of Immigration Judge ("IJ") Steven R. Abrams denying petitioner's applications for asylum, withholding of removal, and relief un-

der the Convention Against Torture ("CAT"). *In re Mersija Kolenovic,* No. A98 401 997 (B.I.A. Jan. 4, 2008), *aff'g* No. A98 401 997 (Immig. Ct. N.Y. City, Jan. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

We find that the IJ's adverse credibility determination is supported by substantial evidence. The IJ found that Kolenovic provided inconsistent testimony, where she alleged in a 2006 sworn statement and testified at her merits hearing that she was raped in 2002, but omitted any such allegation from her original asylum application and asylum interview. In a pre–REAL ID Act case such as this, to form the basis of an adverse credibility determination, an inconsistency must be "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–309 (2d Cir.2003) *abrogated, in part, by Xiu Xia Lin v. Mukasey,* 534 F.3d 162 (2d Cir.2008). Here, Kolenovic's omission of her alleged rape from her original asylum application[1] and asylum interview[2] is plainly substantial because it casts doubt on whether the alleged rape—a central element of her claim—ever occurred. *Id.*

We accord the IJ's demeanor finding "particular deference," given that the IJ's ability to observe Kolenovic's demeanor placed him in the best position to evaluate whether apparent problems with her testimony suggested a lack of credibility. *See Shu Wen Sun v. Board of Immigration Appeals,* 510 F.3d 377, 381 (2d Cir.2007). That finding, along with the inconsistency in the record and Kolenovic's failure to corroborate her claim, provide substantial evidence in support of the IJ's adverse credibility finding. *Corovic,* 519 F.3d at 95. Accordingly, the IJ properly denied her application for asylum.

Finally, inasmuch as Kolenovic based her claim for withholding of removal and CAT relief on the same factual predicate as her asylum claim, and the IJ properly found that such claim lacked credibility, her withholding of removal and CAT claims necessarily fail. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.

---

1.  There is no merit to Kolenovic's argument that the IJ erred in finding that she omitted any mention of an alleged rape in her asylum application. The record reflects that Kolenovic filed her original application in 2004. That application made no mention of an alleged rape. In 2006, however, Kolenovic submitted a new version of her asylum application which included a sworn statement discussing the alleged rape.

2.  Kolenovic does not challenge the reliability of the record of the asylum interview, and has therefore waived any such argument. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).